## M'DONALD ET AL. v. LEACH.

A deed received by a town clerk to be recorded, and an entry of that kind made upon it; shall secure a title to the grantee from the day it was so received, without any reference to the time, in which the deed is recorded at length.

ACTION of disseisin.    The general issue pleaded.    The case was, that in the year 1775, Daniel Bostwick was negotiating a loan of money of M'Donald, of the state of New York.    In order to obtain the money, he made a mortgage deed to M'Donald, of the land in question, carried it to the register in New Milford, where the land lay, who received the deed, and made an entry on the back, "received for recording."    At the same time, the register wrote a certificate directed to M'Donald, that Bostwick had lodged

such a deed in his office, which was entered on record. Bostwick also told the register not to record the deed at that time. The register, accordingly wrote on the deed below the entry first made, " not record," and placed the deed in a bundle of the same kind, where it remained till about the year 1783. Bostwick carried the certificate, which the register had given him, to M'Donald, and procured the money.    Some years after Bostwick conveyed the same land to Angus Nickelson, (there appearing to be no embarrassment to the title, on record) and Nickelson conveyed to the defendant; both of which deeds were recorded at full length.    Subsequent to this, M'Donald discovered that his deed had never been recorded at full length.    He searched the office, found it, procured it to be recorded, and then brought his action.

Mr. Root and Mr. Reeve, for the plaintiff.    M'Donald's deed having been lodged with the register, and the entry made, that it was received for recording, the register was bound to perfect the record; and no orders to the contrary, either from grantor or grantee, could govern him.    By the statute respecting deeds, it is enacted, " That no grant or deed, of bargain, sale, or mortgage, made of any houses or lands within this state, shall be accounted good and effectual in law to hold such houses and lands against any other person or persons whatsoever, but the grantor or grantors, and their heirs only; unless the grant, deed or deeds thereof, be recorded at length in the records of the town where such houses and lands do lie.

" And the town clerk or register in every town in this state, shall, on the receipt of any grant, deed, conveyance, or mortgage of any house or land brought to him to record, note thereupon the day, month and year when he received the same, and the record shall bear the same date."

M'Donald et al. v. Leach.

The latter clause of this statute is in some degree explanatory of the first, and shows that the entry of the register on the deed, and the lodging it in the office, is in judgment of law a recording, so far as to secure the title; and when completed, the title by relation becomes perfect from the execution of the deed.   See Cowper's Reports, 705, Doe v. Routledge; 1 Burrow, 474, Sir Edward Worsley v. Demattos and Slader.

Mr. Canfield and Mr. Everitt, for the defendant, said, that the conduct with regard to M'Donald's deed had been such, that if it should be established, it would operate as a fraud upon the present defendant.   He purchased when no incumbrance on Bostwick's title could be found on record; therefore, he had the fairest grounds to presume none existed. He had pursued every legal method to authenticate his title, and ought to be secured in the enjoyment of it.   If the same care and attention had been practiced by M'Donald, no injustice could have taken place.

That M'Donald's deed, appeared not to have been delivered to the grantee at the time it was lodged in the office of the register; neither had the consideration been received: Therefore, the deed was not valid, and the entries of the register were of no more consequence than those of any other person.   No subsequent act of M'Donald could, by the doctrine of relations, restore a title which was defective in its origin.

It was observed from the Bench, that the justice who took the acknowledgment, had signed himself as a witness to the delivery, which was an evidence of that fact, of too high a nature to be doubted.

The jury found a verdict for the plaintiff, which was accepted by the whole court.